Jean-Jacques Cabou, No. 022835
Alexander W. Samuels, No. 028926
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
JCabou@perkinscoie.com
ASamuels@perkinscoie.com

Attorneys for Marc Turi and Turi Defense Group

UNITED STATES DISTRICT COURT  **SEALED**

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>1. Marc Turi; and<br><br>2. Turi Defense Group,<br><br>　　　　Defendants | Cause No. 14-cr-00191-DGC<br>*SEALED*<br><br>**MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**<br><br>[FILED UNDER SEAL] |

## INTRODUCTION

Defendants, by and through undersigned counsel, respectfully move this Court to strike as surplusage paragraphs 2-5 and 9 of the Indictment. This motion is made pursuant to Fed. R. Crim. P. 7(d).

## ARGUMENT

**I.   Paragraph 2-5 and 9 of the Indictment Are Not Material to the Crimes Charged.**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(d) permits a defendant to move to strike any surplusage from the indictment. "The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that

LEGAL122991799.1

are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983). "Insofar as the language of an indictment goes beyond alleging elements of the crime, it is mere surplusage that need not be proved, and must not be allowed to prejudice a defendant in the context of his case." *United States v. Renzi*, No. CR 08-00212-TUC-DCB (BPV), 2009 WL 995474, at *3 (D. Ariz. 2009) (unpublished) (citing *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986)).

Here, paragraphs 2-5 and 9 of the Indictment make general allegations about the conflict in Libya in 2011 and about United Nations resolutions passed that year. Even more importantly, the Indictment alleges that Libya was subject to an arms embargo, that it was generally the Department of State's policy to deny licenses or other approvals relating to Libya, and that violating any arms embargo would have been a violation of 22 C.F.R. § [1]29.5(d).[1] Defendants are not charged with violating an arms embargo. The Indictment as presently written, however, implies that they did just that.

"[T]he function of a federal indictment is to state concisely the essential facts constituting the offense, not how the government plans to go about proving them." *United States v. Edmond*, 924 F.2d 261, 269 (D.C. Cir. 1991). The existence of an arms embargo and any regulation relating to brokering in violation of an arms embargo are simply not essential to the crimes charged here - false statements. And even if there is a remote possibility that these issues could possibly *become* relevant at trial, it does not change the fact that the allegations are unessential and prejudicial as made in the Indictment. *United States v. Quinn*, 401 F. Supp. 2d 80, 98-100 (D.D.C. 2005).

In *Quinn*, the court struck as surplusage language regarding the reasons behind an arms embargo against Iran, stating that the language was "irrelevant to the charges defendants face. Defendants are not charged with providing material support to terrorists or some similar crime." *Id.* at 98. Likewise, here, paragraphs 2-5 and 9 are not relevant to the charges in the Indictment. Defendants are not charged with violating an arms

---

[1] Although paragraph 5 of the Indictment cites 22 C.F.R. § 29.5(d), that appears to be a typo.

embargo; they are charged simply with making false statements. The existence or non-existence of an arms embargo is immaterial to the facts the Government needs to attempt to prove those charges.

**II.     Paragraphs 2-5 and 9 of the Indictment Are Inflammatory and Prejudicial.**

"The potential for prejudice, meanwhile, is substantial because of the seriousness with which the government and the public treat" these issues. *Id.* at 99. As presently written, the Indictment at least implies that Defendants violated an arms embargo and thus violated the International Traffic in Arms Regulations. That allegation is highly inflammatory and wholly unnecessary to support the Indictment. Moreover, it has the potential to confuse jurors into thinking the Defendants have committed a crime with which they have not been charged. *See United States v. Mandel*, 415 F. Supp. 997, 1009 (D. Md. 1976), *as supplemented by* 415 F. Supp. 1025 (striking surplusage from indictment because it had "a prejudicial potential for confusing jurors as to the law"). These portions of the Indictment thus cannot stand.

## CONCLUSION

Because paragraphs 2-5 and 9 of the Indictment are not material to the Indictment and are highly prejudicial, Defendants request that this Court strike them from the Indictment as surplusage.

Dated: August 11, 2014.

**PERKINS COIE LLP**

By: _____
Jean-Jacques Cabou
JCabou@perkinscoie.com
Alexander W. Samuels
ASamuels@perkinscoie.com
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000

Attorneys for Marc Turi and Turi Defense Group

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2014, an ORIGINAL and ONE COPY of the attached was filed with the Clerk of the Court <u>and</u> that a COPY was sent via U.S. Mail to:

David A. Pimsner
Kristen Brook
U.S. Attorney's Office
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

