THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>1.  Marc Turi, and<br>2.  Turi Defense Group,<br><br>　　　　　Defendants. | CR-14-00191-PHX-DGC<br><br>**PROTECTIVE ORDER** |

　　　　Pursuant to the United States' Motion for a Protective Order, as well as the authority granted under Section 3 of the Classified Information Procedures Act (CIPA), Title 18 U.S.C. App. III; the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information, printed following Section 9 of CIPA; Federal Rule of Criminal Procedure 16(d)(1); and the general supervisory authority of the Court, and in order to protect the national security, the following Protective Order is entered:

　　　　1.　　The Court finds this case may involve information that has been classified in the interest of the national security.  The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances and special access.  The purpose of this Order is to establish procedures that must be followed by counsel and the parties in this case.  These procedures will apply to all pretrial, trial, post-trial and appellate matters concerning classified information and may

be modified from time to time by further order of the Court acting under its inherent supervisory authority to ensure a fair and expeditious trial.

2. Definitions. The following definitions shall apply to this Order:

a. "Classified information" shall mean:

i. any document or information that has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13526 ("Classified National Security Information," December 29, 2009), and its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION," or "SPECIAL ACCESS REQUIRED" or any information contained in such document;

ii. any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified, (B) is a compilation of items of information that are individually unclassified, but when aggregated reveal an association or relationship that is classified, pursuant to Executive Order 13526, and its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION," or "SPECIAL ACCESS REQUIRED;"

iii. verbal classified information known to the defendant or defense counsel;

iv. any information, regardless of place of origin and including "foreign government information," as that term is defined in Executive Order 13526, and its predecessor orders, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters;

v.      any document or information as to which the defendant or defense counsel have been notified orally or in writing that such document or information contains classified information.

b.      "Special Access Required" shall indicate a program established for a specific class of classified information that imposes safeguarding and access requirements that exceed those normally required for information at the same classification level because the vulnerability of, or threat to, this specific information is exceptional; and the normal criteria for determining eligibility for access applicable to information classified at the same level are not deemed sufficient to protect the information from unauthorized disclosure.

c.      "Document" shall mean any material containing information.  The term "document" shall include, without limitation:

i.      written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation); and

ii.     letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, text messages, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications, and changes of any kind to the foregoing; and all recordings of information on magnetic, electronic, digital, or optical media (including but not limited to those on audio tape, video tape, disks, thumb drives, external hard drives, CD-ROMs, and DVD-ROMs), typewriter ribbons, films and all manner of electronic data processing storage.

d.      "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know, in any manner, classified information.

e. "Secure area" means a facility meeting the storage, handling, and control standards for classified information, as approved and authorized by the Classified Information Security Officer, in consultation with the agencies where the classified information originated.

3. All classified documents and information contained therein, shall remain classified unless the documents bear a clear indication they have been declassified by the agency or department that originated the document or information contained therein ("originating agency").

4. In accordance with the provisions of CIPA and the Security Procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court appointed certain individuals as Classified Information Security Officers for this case for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information or documents that will be made available to the defense in connection with this case. The Classified Information Security Officer is W. Scooter Slade. Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

5. The Court has been advised that U.S. Department of Justice, National Security Division, Counterintelligence and Export Control Section, Trial Attorneys Julie Edelstein and William Mackie and Assistant United States Attorneys Kristen Brook and David Pimsner have the requisite security clearances allowing them to have access to the classified information and documents that relate to this case. Any references to government attorneys as used in this Order refer only to the attorneys listed in this paragraph.

6. The Court has further been advised that defense counsel Jean-Jacques Cabou, Thomas Dean Ryerson and Alexis E. Danneman have or may in the future have the requisite security clearances allowing them to have access to certain classified information and documents that relate to this case. Any references to defense counsel as used in this Order refer only to the attorneys listed in this paragraph. Defense counsel may be given access to classified national security documents and information as required by the government's discovery obligations and in accordance with the terms of this Protective Order, any other orders, including orders pursuant to CIPA, and only upon receipt of appropriate security clearances and any required special accesses.

The defense attorneys have a continuing obligation to the government not to disclose to any unauthorized person classified information known to them or in their possession. Nothing in this Order shall be construed as a limitation on the government in filing additional criminal charges against the defendant in the event of an unauthorized disclosure of classified information.

Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after first obtaining from this Court, with prior notice to the government, a determination that such access is necessary to the proper disposition of this case, and after satisfying the other requirements described in this Order for access to classified information. Prior to disclosing classified information to any individual, the defendant and his counsel must obtain an affirmative determination from a competent United States government official that such individual is authorized to receive classified information. The substitution, departure, or removal from this case of defense counsel or any other cleared person associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order,

the Memorandum of Understanding, or any additional non-disclosure agreements executed in connection with this Order.

       7.    The Classified Information Security Officer shall arrange for and maintain an appropriately approved secure area for the use of defense counsel, once counsel receives the requisite security clearances and special access.  The Classified Information Security Officer shall establish procedures to assure the secure area is accessible to defense counsel during business hours and at other times upon reasonable request as approved by the Classified Information Security Officer, in consultation with the United States Marshals Service.  The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by the defense that is reasonably necessary to the preparation of the defense.  The Classified Information Security Officer, in consultation with defense counsel, shall establish procedures to assure the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information.  No classified documents may be removed from the secure area unless so authorized by the Classified Information Security Officer.  The Classified Information Security Officer shall not reveal to the government the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated.  The presence of the Classified Information Security Officer shall not operate to render inapplicable the attorney-client privilege.  The parties further understand and agree that none of the procedures outlined in this Order shall be construed as or operate as a waiver or limitation of the attorney client privilege or work product privilege; however, parties may only disseminate classified information in accordance with this order, abiding by the provisions contained therein, including paragraphs 6 and 12.

8. Filing of Papers by the Defendant. If defense counsel files any pleading or other document that they believe may contain classified information, such pleading or document shall be filed under seal with the Classified Information Security Officer and shall be marked, "Filed In Camera and Under Seal with the Classified Information Security Officer or Designee." The time of physical submission to the Classified Information Security Officer or a designee shall be considered the date and time of filing. All potentially classified filings shall be submitted to the Classified Information Security Officer or a designee no later than 4:00 p.m on any given workday. The Classified Information Security Officer shall submit the document to a designated classification representative. The designated classification representative shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the designated classification representative determines the pleading or document contains classified information, the Classified Information Security Officer and the designated classification representative shall ensure the relevant portion of the document, and only that portion, is marked with the appropriate classification marking and remains under seal. All portions of all papers filed by the defendant that do not contain classified information shall be immediately unsealed by the Classified Information Security Officer and placed in the public record. The Classified Information Security Officer or a designee shall immediately deliver under seal to the Court and counsel for the United States any pleading or document to be filed by the defendant that contains classified information, except that any pleading or document marked by counsel for the defense as being submitted "ex parte" shall not be submitted to counsel for the United States. The Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the

Classified Information Security Officer or designee. Immediately after defense counsel submits a classified filing to the Classified Information Security Officer, counsel shall file on the public record, in the CM/ECF system, a notice of filing that should contain only the unclassified case caption and title of the filing. This electronic filing will serve as a record, and as notice to the Court that classified material has been filed.

9. Filing of Papers by the United States. Those portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Classified Information Security Officer or a designee. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Classified Information Security Officer." The date and time of physical submission to the Classified Information Security Officer or a designee shall be considered the date and time of filing. All potentially classified filings shall be submitted to the Classified Information Security Officer or a designee no later than 4:00 p.m on any given workday. The Classified Information Security Officer shall immediately deliver, under seal, to the Court and to counsel for the defendant (unless it is an ex parte filing) any pleading or document filed by the government that contains classified information, as is practical pursuant to paragraph 7 of this agreement. Immediately after counsel for the United States submits a classified filing to the Classified Information Security Officer, counsel for the United States shall file on the public record, in the CM/ECF system, a notice of filing that should contain only the unclassified case caption and title of the filing. This electronic filing will serve as a record, and as notice to the Court that classified material has been filed.

10. The Classified Information Security Officer shall ensure that a separate sealed record for classified materials is maintained for purposes of later proceedings or appeal.

11.     Protection of Classified Information.  The Court finds that to protect the classified information involved in this case, no individuals other than counsel for the United States; appropriately cleared Department of Justice employees; personnel of the originating agencies; and appropriately cleared defense counsel, shall have access to classified documents or information unless and until that person has been granted a security clearance by the Department of Justice through the Classified Information Security Officer, has been granted access by the appropriate government agency, and has obtained permission of the Court.  Moreover, prior to obtaining access to any classified information in this case, defense counsel, and agents, consultants and employees of counsel for the defendant, must first have:

a.      received notice from the Classified Information Security Officer that they have received the appropriate security clearances and special access required for the level of the classified information involved in this litigation; and

b.      signed the Memorandum of Understanding, in the form attached hereto, or any additional non-disclosure agreements, agreeing to comply with the terms of this Order.  The signed Memorandum of Understanding shall be filed with the Court.  The substitution, departure, or removal for any reason from this case of counsel for the defense or anyone associated with the defense as an employee or witness or otherwise shall not release that individual from the provisions of this Order, the Memorandum of Understanding, or any additional non-disclosure agreements executed in connection with this Order.

Before any person other than counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agencies, is permitted by the Court to inspect and review classified national security information, he or she must

also sign the attached Memorandum of Understanding and any non-disclosure agreements required by the agencies where any classified material originated.

12. Access to Classified Information. In the interest of national security, the defendant may be excluded from access to classified information. The defendant, his counsel, and any later cleared employees of counsel for the defendant or cleared witnesses accompanied by counsel for the defendant shall have access to classified information only as follows:

a. All classified information produced by the government to the defense in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the Classified Information Security Officer. No classified information shall be maintained by the defense in any other place other than the secure area established by the Classified Information Security Officer.

b. Defense counsel shall have free access to the classified information made available to them in the secure area established by the Classified Information Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

c. No person, including counsel for defendant, shall copy or reproduce any classified information in any manner or form, except with the approval of the Classified Information Security Officer or in accordance with the procedures established by the Classified Information Security Officer for the operation of the secure area.

d. All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Classified Information Security Officer. All such documents and any

- 10 -

associated materials (such as notes, drafts, typewriter ribbons, recordings, disks, thumb drives, CDs, DVDs, exhibits, and electronic or digital copies) containing classified information shall be maintained in the secure area unless and until the Classified Information Security Officer determines those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States or any other party without the permission of the defense.

  e. The defense shall discuss classified information only with other cleared persons listed in this Order and only in the secure area or in an area authorized by the Classified Information Security Officer.

  f. The defense shall not disclose the contents of any classified documents or information to any person not named in this Order except the Court and cleared Court personnel. Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearances and special access, to sign and submit to the Court the Memorandum of Understanding appended to the Order, to sign any nondisclosure agreements required by the originating agencies, and to comply with all the terms and conditions of the Order.

  g. The defense, including counsel for the defendant, and any other later cleared employees or defense witnesses, shall not discuss classified information over any commercial telephone instrument or inter-office communication systems, cellular telephone, the internet (including text messaging) not expressly approved by the Classified Information Security Officer for such purpose, or in the presence of any person who has not been granted access by the Court to classified information.

h. Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information at issue in this case.

i. Defense counsel, and any agents, consultants, and employees of defense counsel, and defense witnesses shall not disclose any classified information or documents to the defendant without prior concurrence of the government. Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to the defendant of such classified information.

13. Classified Information Procedures Act. Procedures for the public disclosure of classified information by the defense shall be those established in sections 5 and 6 of CIPA. No classified information may be disclosed by the defense except:

a. to the Court, court personnel, and government attorneys identified by the Classified Information Security Officer holding proper security clearances and approvals for special access to that classified information;

b. in accordance with the procedures of CIPA and procedures established by the Classified Information Security Officer; or

c. to persons who have been authorized to have access to the specific classified information pursuant to this Order or to later orders under CIPA.

To facilitate the defense in its filing of notices as required under Section 5 of CIPA, the Classified Information Security Officer shall make arrangements with a designated classification representative of the appropriate agency to determine the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use

- 12 -

in any way at any pretrial proceeding or at trial. Any and all of these items that are classified shall be listed in defendant's Section 5 notice.

14. The defense may not contact any employee of any government intelligence agency, to include the Department of Defense, without making prior arrangements with a Department of Justice attorney, unless the defense files a motion with the Court (which may be *ex parte* at the discretion of defense counsel), to authorize such contact, provides the government notice of such motion, and obtains a court order authorizing that contact. This is required because the identities of government intelligence employees may be classified, and formal actions may be required to protect the classified information, including the filing of motions under CIPA to restrict defense access to classified information, that may be the subject of discussion by the parties.

15. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be brought immediately to the attention of this Court and may result in a charge of contempt of court and possible referral for criminal prosecution. Any breach of this Order may also result in termination of an individual's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases, exceptionally grave damage to the national security of the United States. Persons subject to this Order are also advised that such disclosure may be used to the advantage of a foreign nation or against the interests of the United States, regardless of whether the foreign nation is considered a friend or enemy of the United States. This Protective Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to

- 13 -

anyone not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

16. All classified documents and information to which the defense (including the defendant, counsel for defendant, any later cleared employee of counsel for defendant, or cleared defense witnesses) have access in this case are now and will remain the property of the United States. Upon demand of the Classified Information Security Officer, these persons shall return to the Classified Information Security Officer, all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information. The notes, summaries and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Classified Information Security Officer for the duration of the case. At the conclusion of this case, all such notes, summaries and other documents are to be destroyed by the Classified Information Security Officer in the presence of defense counsel if defense counsel so desires.

17. A copy of this Order shall be issued forthwith to defense counsel who shall be responsible for advising the defendant, any co-counsel, employees of counsel for the defendant, and defense witnesses who need to know of the contents of this Order. Counsel for the defendant and any other individuals who will be provided access to the classified information shall execute the Memorandum of Understanding described in paragraph 12 of this Order and any additional non-disclosure agreements required. Counsel for the defendant shall then file executed originals of the Memorandum of Understanding with the Court and the Classified Information Security Officer and serve an executed original upon the United States. The execution and filing of the Memorandum of Understanding is a condition precedent for defendant, counsel for the

defendant, or any other person assisting the defense to have access to classified information.

Dated this 16th day of July, 2015.

*David G. Campbell*
_____
David G. Campbell
United States District Judge