United States of America v. Marc Turi, et al.

CR-14-00191-PHX-DGC

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO CLAIM OF STATE SECRETS**

JOHN S. LEONARDO
United States Attorney
District of Arizona

DAVID PIMSNER
KRISTEN BROOK
Assistant U.S. Attorneys
Arizona State Bar No. 007480
Arizona State Bar No. 023121
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Kristen.Brook@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-14-00191-PHX-DGC |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO CLAIM OF STATE SECRETS** |
| vs. | |
| 1. Marc Turi, and<br>2. Turi Defense Group, | |
| Defendants. | |

The United States of America, through undersigned counsel, respectfully responds to Defendant's Motion to Compel Disclosure of Information Relating to Claim of State Secrets.  The Defendants' Motion requests information related to an ex parte CIPA § 4 proceeding, and information that is itself classified, and therefore, Defendants are not legally entitled to that information.

CIPA creates a pretrial procedure for ruling upon the admissibility of classified information.  *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988).  In

particular, CIPA § 4 was intended to clarify the Court's powers under Fed. R. Crim. P. 16(d)(1) to deny or restrict discovery in order to protect national security. *Id*.

Defendants have asked the Government to disclose classified information, specifically the identity of a signer of a classified declaration. As the Court is aware, the signer of the declaration is classified. Moreover, CIPA § 4 allows for this ex parte proceeding as a means to determine whether the Government is obligated to disclose classified information. *See United States v. Yunis*, 867 F.2d 617, 620 (D.C. Cir. 1989); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998); *Sarkissian*, 841 F.2d at 965-66. Specifically, CIPA § 4 provides, *inter alia*:

> The court may permit the United States to make a request for [relief from discovery] in the form of a written statement to be inspected *by the court alone*. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III § 4 (emphasis added). Courts have consistently upheld the *ex parte* and *in camera* nature of motions under CIPA § 4. *See, e.g., Sarkissian*, 841 F.2d at 965.

It is the Court's duty, not the defense's, to determine whether the Government has properly invoked the classified information privilege. The Defendants cite no authority that obligates the Government to disclose to the Defendants classified information regarding the invocation of the classified information privilege *in a criminal case* in which the Government is seeking to protect classified information from discovery pursuant to CIPA § 4. Moreover, forcing the government to provide such information would undermine the purpose of CIPA. *Cf.* H.R. Rep. No. 96-831, at 27 n.22 (1980)

("[S]ince the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.").

For the reasons set forth in this response, the Government respectfully requests that the Court deny Defendant's Motion to Compel Disclosure of Information Relating to Claim of State Secrets.

Respectfully submitted this 6th day of August, 2015.

JOHN S. LEONARDO<br>
United States Attorney<br>
District of Arizona<br>
<br>
<i>/s/ Kristen Brook</i><br>
KRISTEN BROOK<br>
DAVID PIMNSER<br>
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on or about August 6, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jean-Jacques Cabou, Attorney for Defendant Turi and
Thomas Ryerson and Alexis Elizabeth Danneman, Attorneys for Turi Defense Group

KB/ceb