Jean-Jacques Cabou, No. 022835
Thomas D. Ryerson, No. 028073
Alexis E. Danneman, No. 030478
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
JCabou@perkinscoie.com
TRyerson@perkinscoie.com
ADanneman@perkinscoie.com

Attorneys for Marc Turi and Turi Defense Group

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>    v.<br><br>1. Marc Turi; and<br><br>2. Turi Defense Group,<br><br>            Defendants | Cause No. 14-cr-00191-DGC<br><br>**DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPEL DISCLOSURE OF INFORMATION RELATING TO CLAIM OF STATE SECRETS** |

Defendants have moved to compel the Government to disclose sufficient information about the foundation of its State Secrets claim to allow adversarial testing of its adequacy, including: (1) the name of the signer of the formal claim of privilege; and (2) whether the claim of privilege was signed "after actual personal consideration by [the signing] officer." *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953); *see also* [Motion to Compel Disclosure of Information Relating to Claim of State Secrets ("Motion to Compel") (Dkt. 217) at 2].

As Defendants argued in their Motion to Compel, disclosure of this information is consistent both with their right "to require the prosecution's case to survive the crucible of meaningful adversarial testing," *United States v. Cronic*, 466 U.S. 648, 656 (1984), and

1  with the Department of Justice's own policy to "provide greater accountability and
2  reliability in the invocation of the state secrets privilege,"[1] [Dkt. 217 at 4]. Nowhere does
3  the Government dispute this. Rather, the Government presents two reasons that the
4  Defendants are nevertheless not entitled to this information: (1) the information is
5  classified; and (2) the disclosure of the information is prohibited by Classified Information
6  Procedures Act ("CIPA") § 4. Neither reason survives scrutiny.

**I.     Even Assuming the Information Is Properly Classified, Defense Counsel Has a Security Clearance.**

Without any support or explanation, the Government claims that the Defendants have "asked the Government to disclose classified information." [Government's Response to Defendant's Motion to Compel Disclosure of Information Relating to Claim of State Secrets (Dkt. 221) at 3] Wrong.

Part of that which the Motion to Compel seeks is answers to two questions originally posed to the Government by email: "1) Who signed the Declaration, and 2) Whether the declaration affirms that the signatory signed after personal consideration by that officer." [Motion to Compel at 2 (internal quotation marks and citation omitted)] The identity of the signer of the Declaration (who presumably is a well-known, Senate-confirmed, public official who heads some Department of the United States Government) cannot be properly classified. *See, e.g.*, Classified National Security Information, Exec. Order No. 13292, § 1.2, 68 Fed. Reg. 15315, 15315-16 (Mar. 25, 2003) (recognizing three levels of classified national security information, all of which require the classifying officer to determine that disclosure reasonably could be expected to damage national security). Likewise, the answer to Defense counsel's simple "yes" or "no" question regarding "personal consideration" by the signatory cannot be classified. *See id.*

---

[1] The Government did not address the Defendants' concern that the Government may not have complied with the Department of Justice's requirement that the Attorney General approve defense of a State Secrets claim in litigation, a separate requirement from the *Reynolds*-imposed requirement that the privilege be founded on the personal judgment of the head of the agency responsible for the secret. [Dkt. 217 at 4 n.1]

LEGAL127185642.4

1    Moreover, even assuming this information were properly classified, one member of
2    the Defense team currently has a security clearance.  So, the purported classification of
3    this information should not be a barrier to its disclosure in this case.[2]

4    **II.    CIPA Section 4 Does Not Prevent Disclosure of the Requested Information.**

5    Moreover, contrary to the Government's suggestion, CIPA Section 4's provision
6    for *ex parte* proceedings does not prohibit the disclosure of the requested information in
7    this case.  If anything, Section 4 counsels in favor of disclosure.

8    First, while *ex parte* proceedings are *permitted* under CIPA Section 4, they are in
9    no way required.[3]  CIPA provides "no categorical impediment to disclosure."  Joshua L.
10   Dratel, *Section 4 of the Classified Information Procedures Act: The Growing Threat to the*
11   *Adversary Process*, 53 The Wayne Law Review 1041, 1046 (2007).  At bottom,
12   "[n]othing in the statute permits the government to make such ex parte submissions as a
13   matter of right."  *Id.*; *see also* 18 U.S.C. App. 3 § 4 ("The court *may* permit . . . a
14   request . . . .") (emphasis added).

15   Moreover, Defendants seek only limited information, not disclosure of the actual
16   Declaration.[4]  In light of the fact that *ex parte* proceedings are "generally disfavored,"
17   *United States v. Kilmavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998), there is no
18   basis for requiring this very limited and non-substantive amount of information to remain
19   *ex parte*.

20   Additionally, the Government's sole basis for mandatory withholding of this
21   information, that "defense knowledge [of such information] would defeat the very purpose

---

[2] Of course, that Defense counsel holds clearances does not serve as an independent basis for disclosure. *United States v. Sedaghaty*, 728 F.3d 885, 909 (9th Cir. 2013). Nonetheless, the existence of these clearances surely makes the Government's claim that the information is privileged, and thus cannot be disclosed, not as simple as the Government would make it out to be.

[3] Specifically, Section 4 allows the court to "permit the United States to make a request . . . in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. 3 § 4.

[4] Although, candidly, Defendants question why such disclosure would be improper.

of the discovery rules" [(Dkt. 221 at 3-4) (quoting H.R. Rep. No. 96-831 at 27 n.22 (1980))] is inapplicable to the information the Motion to Compel seeks. Again, the Motion does not seek the Declaration itself, nor does it seek the *substantive* classified information the Declaration seeks to convince this Court to keep from the Defense. Rather, the limited information Defendants seek is only *non-substantive* information about the factual predicate claim of privilege. *See Reynolds*, 345 U.S. at 7-8 (setting out factual prerequisites to a claim of privilege).[5]

The Government's attempt to extend CIPA procedures relating to the production of otherwise-discoverable material to the non-substantive factual prerequisites to a claim of state secrets takes CIPA too far.

## III. Conclusion

Disclosure of the requested information is consistent with the Defendants' constitutional rights and with the Department of Justice's own policies. [Dkt. 217 at 4] The Government does not dispute this, nor does it set forth any basis for withholding this information from Defendants.

/ / /

/ / /

---

[5] In *United States v. Sarkissian*, defendants argued that the government "must file a public claim of privilege before making an ex parte in camera submission." 841 F.2d 959, 965-66 (9th Cir. 1988). There, the court held that "[n]owhere does CIPA require the government to file a public claim of privilege before making an in camera ex parte submission." *Id.* That the government was not *required* to file a public claim of privilege in that case does not mean that a court may never require such a claim, or some aspects of such a claim, to be disclosed. Further, and as described above, Defendants do not seek disclosure of the claim itself, just of sufficient, particular information to test and evaluate that claim.

| | |
|---|---|
| Dated: August 10, 2015. | **PERKINS COIE LLP**<br><br>By: /s/ *Jean-Jacques Cabou*<br>     Jean-Jacques Cabou<br>     Thomas D. Ryerson<br>     Alexis E. Danneman<br>     2901 N. Central Avenue, Suite 2000<br>     Phoenix, AZ  85012-2788<br><br>Attorneys for Defendants Marc Turi and Turi Defense Group |

LEGAL127185642.4

1 **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>David A. Pimsner
>Kristen Brook
>U.S. Attorney's Office
>40 North Central Avenue, Suite 1200
>Phoenix, Arizona 85004
>
>A. William Mackie
>Julie Edelstein
>Department of Justice
>National Security Division
>600 E Street, NW
>10th Floor - Bicentennial Bldg.
>Washington, D.C. 20530

/s/  Lisa Mazza