WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Marc Turi, et al.,<br><br>                Defendants. | No. CR-14-00191-001-PHX-DGC<br><br>**ORDER** |

Defendants seek an order requiring the government to show cause why it should not be sanctioned for failure to produce documents required by Category 2 of the Court's October 22, 2014 order (Doc. 63). Doc. 171. Defendants' motion is fully briefed, and counsel addressed the motion at a hearing held on August 11, 2015. Following that hearing, Defendants filed a notice of supplemental authorities (Doc. 240) and provided the Court with a notebook containing 37 tabbed articles and reports in support of their assertion that the government has failed to produce documents required by the Court's order.

Defendants' motion does not concern classified information. Doc. 171 at 1; *see also* Doc. 212 at 3. Rather, Defendants suggest that the government has failed to produce unclassified documents within Category 2. The government disagrees and asserts that there are no Category 2 documents and no basis for an order requiring it to show cause.

Category 2 documents required by the Court's October 22, 2014 order are defined as follows: "documents which relate to efforts by the United States to arrange for arms

brokers to arrange covert transfers of weapons to the NTC in Libya between the beginning of 2010 and the end of 2011." Doc. 63 at 4. The Court has reviewed each of the articles and reports provided by Defendants and concludes that they do not show that the United States engaged in efforts to arm the NTC in Libya in 2010 or 2011. Using the tab numbers in the notebook provided by defense counsel, the Court will summarize information provided in Defendants' documents.[1]

On about March 17, 2011, the United Nations Security Council adopted Resolution 1973, which authorized member states, including the United States, to "take all necessary measures" to protect Libyan civilians under attack from the Qaddafi regime. Tab 4 at 3. In the following weeks, various news reports stated that the Obama administration was debating whether to provide arms to the Libyan rebels. Tab 8 at 1, Tab 11 at 1, Tab 12 at 2. Although reports provided by Defendants recount an ongoing debate within the administration, none reported that the administration in fact decided to arm the rebels. News reports also indicated that the President signed a secret finding authorizing the CIA to provide arms and other support to the rebels (Tab 12 at 1, Tab 15 at 1, Tab 16 at 1), but these same reports indicate that the White House had not decided to actually follow through and provide such arms (Tab 16 at 2). Further reports noted that the President's finding did not direct covert operatives to provide arms to the rebels immediately, but instead prepared for such a contingency should the President decide to proceed with arms deliveries in the future. Tab 17 at 1.

News reports in April of 2011 indicated that Qatar, an ally of the United States in the Gulf Region, provided arms to the Libyan rebels. Tab 23 at 1. Later news reports suggested that Qatar and the United Arab Emirates ("UAE") provided non-U.S. weapons to the rebels with approval from the United States. Tab 31 at 4. Reports prepared under the direction of the United Nations Security Council later appeared to confirm that Qatar

---

[1] The Court suggests that Defendants file the Index to Supplemental Authority provided with the notebook. This can be filed in the Court's docket with a simple notice. The docket will then contain a listing of the various articles and reports, by tab number, that the Court reviewed and is referring to in this Order.

- 2 -

and the UAE provided arms to the NTC. Tab 33 at 15, 19; *see also* Tab 36 at 4.

Documents provided by Defendants indicate that the United States did provide non-lethal aid to the Libyan rebels. Tab 25 at 1. A report attributed to the State and Defense Departments described $25 million in non-lethal commodities and services that were provided to the Libyan rebels, including meals ready to eat, uniforms, bullet-proof vests, binoculars, maps, tents, and medical supplies. Tab 27 at 14. Some reports indicated that the United States also supported the sale of crude oil by the Libyan rebels. Tab 27 at 24.

These documents do not show "efforts by the United States to arrange for arms brokers to arrange covert transfers of weapons to the NTC in Libya between the beginning of 2010 and the end of 2011." Doc. 63 at 4. They suggest that the United Nations Security Council passed a resolution authorizing member states to support the rebels, the United States debated sending arms to the rebels, Qatar and the UAE provided arms to the rebels, and the United States provided non-lethal aid to the rebels. The documents also show, as was widely reported, that the United States and other countries engaged in air strikes to support the Libyan rebels and established a no-fly zone to restrain the Qaddafi regime. But Defendants' documents do not show "efforts by the United States to arrange for arms brokers to arrange covert transfers of weapons to the NTC in Libya between the beginning of 2010 and end of 2011." Doc. 63 at 4. Indeed, as one of Defendants' documents reports: "No reliable reports ever indicated that the U.S. armed Libyan rebels. Indeed, while speculation was rife, and bureaucratic authorizations for such actions existed, administration officials consistently denied that the U.S. partook in funneling arms to militias battling late Libyan dictator Muammar Qaddafi's military. Tab 29 at 2.

Documents cited in Defendants' motion are similar. The motion cites an email, allegedly from then-Secretary of State Hillary Clinton, stating that the "idea of using private security experts to arm the [Libyan] opposition should be considered." Doc. 171 at 4. Defendants also cite an email to the Secretary of State stating that allies of the

United States had said they would "provide clandestine military support to the rebels." *Id.* And the motion quoted Senator John McCain's view that the United States should facilitate third-party "arms transfers to the rebels." *Id*. at 4. Like the documents described above, these reports indicate that the United States considered providing arms to the rebels, but they do not show that the United States actually engaged in such conduct.

Thus, the Court has no basis upon which to conclude that the government is being untruthful when it states that it has no Category 2 documents. Defendants argued at the hearing on this motion that Category 2 includes any documents that "relate" to efforts to arm the Libyan rebels, including documents reflecting that the possibility of engaging in such conduct was considered by the government. But Category 2 does not call for documents relating to "possible efforts" or "contemplated efforts" to arm the Libyan rebels. It calls for documents related to "efforts by the United States to arrange for arms brokers to arrange covert transfers of weapons" to the rebels. Documents provided by Defendants do not show that such efforts were undertaken.

**IT IS ORDERED** that Defendants' motion for an order to show cause why the government should not be sanctioned (Doc. 171) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/16/2015 .

Dated this 2nd day of October, 2015.

_____
David G. Campbell
United States District Judge