**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00191-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Marc Turi, et al., | |
| Defendants. | |

The Court held a conference with defense counsel and the government's *Touhy* counsel on January 8, 2016. The conference was held in response to memoranda filed by the parties following a December 18, 2015 conference with the Court. Docs. 328, 330.

The issues addressed at the conference arise from Defendants' desire to obtain information from several current or former government employees. Defendants believe that information possessed by these witnesses will support their public authority defense. The parties previously filed briefing on these issues. Docs. 279, 296, 298, 308. At the hearing on December 18, 2015, the Court rejected the government's arguments that this issue was resolved by the Court's October 22, 2014 discovery order (Doc. 63) and that interviews of government witnesses are foreclosed in all events by the Classified Information Procedures Act ("CIPA"), 18 U.S. app. 3. Doc. 323. The Court also rejected Defendants' argument that they have a due process right to conduct interviews of government witnesses. *Id*.

All participants agree that Defendants are entitled to information covered by *Brady v. Maryland*, 373 U.S. 83 (1963), and the Court noted that it could not make a *Brady* determination, or, if needed, decisions under CIPA, without knowing what information is possessed by the witnesses identified by Defendants. When asked at the December 18, 2015 hearing how *Brady* information possessed by a witness normally is disclosed by the government, *Touhy* counsel responded that they normally disclose it in an email to defense counsel or, if necessary, have an agent interview the witness and write a report which is then produced to defense counsel. The Court suggested that Defendants' *Brady* rights with respect to the government-employed witnesses, and the government's interest in protecting classified information under CIPA, could both be served by having the government interview the witnesses identified by defense counsel, using questions provided by defense counsel. If the government concludes that the information does not qualify as *Brady* material, or that it does qualify but should be withheld under CIPA, it can submit the interview results to the Court.

*Touhy* counsel suggested an alternative procedure at the December 18 hearing. Defendants could issue trial subpoenas for the witnesses and the Court could hold a CIPA § 5 hearing to determine what information was discoverable under CIPA. Because the Court would not want to delay a jury trial while such procedures were undertaken, the Court stated it would conduct any such hearing in advance of trial.

*Touhy* counsel asked for time to confer with other government attorneys before electing one of these courses or proposing another, and the Court agreed. This led to the filing of the memoranda discussed at the January 8, 2016 conference.

At the January 8 conference, the Court reached the following conclusions:

1. The government may, as it has as elected, conduct interviews of the witnesses identified by defense counsel. The government should do so only after obtaining written questions from defense counsel to be asked of the witnesses, and the government shall ask those questions and reasonable follow-up questions during the interviews.

2. Because the identity of the witnesses and the questions provided by defense counsel will disclose defense strategy, the interviews shall be conducted by *Touhy* counsel, not by the government's prosecution team. *Touhy* counsel note that they are not as familiar with the case as the prosecution team, but they are able and experienced counsel who can learn what is necessary about the case to conduct the interviews effectively. Such protection of defense strategy was clearly contemplated by the parties' stipulated order regarding *Touhy* procedures. *See* Doc. 220.

3. The interviews shall be recorded or transcribed by the government. A precise record of information possessed by the witnesses will be needed if the Court is to make fully accurate *Brady* determinations and if classified information is to be protected appropriately and the Court is to engage in balancing under CIPA. *See* Doc. 250.

4. After the interviews are completed, *Touhy* counsel shall determine whether information obtained from the witnesses constitutes *Brady* material and whether it is classified and subject to protection under CIPA. If *Touhy* counsel concludes that some or all of the information is not *Brady* material, or if they are unsure, or if they determine that some or all of the information requires protection under CIPA, *Touhy* counsel shall provide the relevant recordings or transcripts to the Court, under seal, with an explanatory memorandum, and shall notify defense counsel of their actions. If *Touhy* counsel concludes that some or all of the information is *Brady* material and does not require protection under CIPA, they shall promptly disclose that portion of the recordings or transcripts to defense counsel.

5. Throughout this process, *Touhy* counsel shall abide by the protections contained in Doc. 220. As noted in paragraph 4 of that order, *Touhy* counsel may consult with the prosecution team for the limited purpose of learning the factual or procedural background of the investigation and case. If, after the interviews are completed, *Touhy* counsel conclude that the prosecution team should learn in some way about the witnesses or the results of the interviews, they shall raise that issue with the Court, with notice to defense counsel.

6. Defense counsel shall provide written questions to *Touhy* counsel by January 22, 2016.

7. *Touhy* counsel shall personally, or through government agents who are not part of the prosecution team, endeavor complete the witness interviews and either produce them to defense counsel or submit them to the Court by February 26, 2016.

This is an unusual case, for many reasons. This order is *not* intended to create practices or procedures that will available in criminal cases generally.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from _____.

Dated this 8th day of January, 2016.

_____
David G. Campbell
United States District Judge